LAW OFFICES
# WILLIAMS & CONNOLLY LLP

725 TWELFTH STREET, N.W.

WASHINGTON, D. C. 20005-5901

(202) 434-5000

FAX (202) 434-5029

EDWARD J. BENNETT
(202) 434-5083
ebenett@wc.com

EDWARD BENNETT WILLIAMS (1920-1988)
PAUL R. CONNOLLY (1922-1978)

November 12, 2013

**Via ECF**

The Honorable Denise L. Cote
U.S. District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street, Room 1610
New York, NY 10007

Re:

    Re: *FHFA v. Merrill Lynch & Co.*, Inc., 1-11 Civ. 6202 (DLC); *FHFA v. HSBC North America Holdings, Inc.*, 1-11 Civ. 6189 (DLC); *FHFA v. Barclays Bank PLC*, 1-11 Civ. 6190 (DLC); *FHFA v. Deutsche Bank AG*, 1-11 Civ. 6192 (DLC); *FHFA v. First Horizon National Corporation*, 1-11 Civ. 6193 (DLC); *FHFA v. Bank of America Corporation*, 1-11 Civ. 6195 (DLC); *FHFA v. Goldman, Sachs and Co.*, 1-11 Civ. 6198 (DLC); *FHFA v. Credit Suisse Holdings (USA), Inc.*, 1-11 Civ. 6200 (DLC); *FHFA v. Nomura Holding America, Inc.*, 1-11 Civ. 6201 (DLC); *FHFA v. SG Americas, Inc.*, 1-11 Civ. 6203 (DLC); *FHFA v. Morgan Stanley*, 1-11 Civ. 6739 (DLC); *FHFA v. Ally Financial, Inc.*, 1-11 Civ. 7010 (DLC)

Dear Judge Cote:

    We write to respond to the scheduling issue raised by FHFA with respect to the deposition of Peter Niculescu, the Executive Vice President in charge of Fannie Mae's Capital Markets group from 2002-2008. Mr. Niculescu and his counsel have indicated that he is available for deposition on December 6. FHFA asks that the deposition, instead, occur this Friday, November 15. It offered that date on November 7. The eight days of notice FHFA proposes for the deposition violates the deposition protocol, and David Blatt, the member of defense counsel assigned to take the deposition, has other case commitments this week that preclude adequate preparation. FHFA takes the position its counsel cannot defend the deposition on the December 6 date provided by the witness because the two attorneys at Quinn Emanuel who have typically defended depositions both have a professional commitment. The parties have met and conferred and unfortunately are at an impasse.

    The process of scheduling depositions is governed by the Amended Deposition Protocol. That Protocol provides that "within 10 calendar days of the request" for dates for a witness, the opposing side shall "provide proposed deposition date(s)" that fall "at least 20 calendar days but not more than 45 calendar days" from the initial request. Am. Deposition Protocol § II.E. In other words, the Protocol requires at least 10 days notice from the time a date is offered until the date

WILLIAMS & CONNOLLY LLP

of the deposition. The Protocol further states that "[w]here possible, all depositions will be scheduled to permit at *least two week's notice* to the parties." *Id.* (emphasis added). This notice is essential, as it allows the examining attorney adequate time in the weeks before the deposition to prepare.

On Thursday, November 7, FHFA proposed a date for Mr. Niculescu's deposition – eight days later, on Friday, November 15. When defense counsel spoke with Mr. Niculescu's counsel, she indicated that she and Mr. Niculescu also were available on December 6.

A November 15 deposition is not consistent with the deposition Protocol, which requires at least 10 days notice between the proposal of a date and the deposition itself. It also is not consistent with the provision requiring two weeks' notice when possible. That notice period is required for a reason, as it precludes counsel from providing short-noticed dates for depositions for tactical reasons in order to adversely affect opposing counsel's preparation. That is exactly what is occurring here: defense counsel assigned to take the deposition is not available to fully prepare the week of November 11 because of other client commitments, making a deposition on eight days notice unfeasible.

The equities clearly favor a December 6 deposition. First, the short-noticed November 15 date is not consistent with the deposition Protocol, which requires more notice for a deposition. Second, the attorney assigned to take the deposition has other case commitments this week that preclude full preparation for a Friday deposition. Third, FHFA has not specified why a December 6 deposition is inconvenient for it. Given the extremely limited role for counsel defending a deposition – counsel may object only on the basis of form and privilege, Protocol, § VI.C – it is not evident why it is inconvenient for one of plaintiff's counsel to defend the deposition on that date.

Although not our preference, in order to resolve the issue, and given plaintiff's counsel's desire not to have the deposition on December 6, Defendants proposed to hold the deposition on the next business day, Monday, December 9. Defendants have confirmed that the witness is also available then (and on the ensuing days). FHFA rejected that as well, although notably FHFA has suggested holding depositions of defense witnesses during the week of December 9.

Mr. Niculescu and his counsel have advised that they are available December 6 for deposition (as well as on December 9-12). Defendants respectfully submit that the deposition should proceed on December 6 or, if not, on the next available business day thereafter.

Respectfully submitted,

*Edward J. Bennett* /ejb

Edward J. Bennett