<u>Via ECF</u>                                                                                              March 21, 2014
The Honorable Denise L. Cote
United States District Court for the Southern District of New York
500 Pearl Street, Room 1610
New York, New York 10007-1312

       Re:       <u>FHFA Actions</u>, No. 11-cv-6189, *et al.* (DLC) (S.D.N.Y.)

Dear Judge Cote:

       We write on behalf of FHFA to repopulate categories of privilege challenges that were left empty as a result of Defendants' withdrawal of privilege over numerous documents listed on their privilege logs, as well as to provide the Court with further information and context for the additional documents that Defendants have identified to repopulate their challenge categories. As directed by the Court, all documents that remain subject to challenges by Defendants are attached for *in camera* review.[1]  *See* Exhibits 4 - 23.

       <u>Defendants Documents</u>: As noted in FHFA's March 5 letter, Defendants withheld numerous loan performance and counterparty monitoring documents that relate primarily to non-legal business matters. As requested by the Court, FHFA identified two additional exemplars in this category. Defendants, however, have withdrawn privilege over those two documents, thereby leaving this category with only one example.[2] There are numerous other examples of similarly deficient entries on Defendants' logs, and FHFA can provide additional examples, if the Court so requests.

       Defendants also have withdrawn privilege over all sample documents identified by FHFA in its March 5 letter as having been voluntarily disclosed to third parties and, within the last week, have withdrawn privilege and produced numerous additional documents in the same category. As a result, FHFA will replace these entries with RBS-Priv-000283. *See* Ex. 1. As noted on the RBS log, ███████ ███████ RBS's log description does not establish, as it must to maintain the attorney-client privilege, ███████ ███████████.

       Of the additional eleven documents FHFA challenged in preparation for this letter, Defendants agreed to produce five.[3] Moreover, as noted above, Defendants have continued to

---

[1]     Upon further review, FHFA has agreed to produce certain of the documents identified by Defendants. These documents, therefore, are not included with this letter. In addition, Defendants have indicated they are withdrawing their challenges to FHFA Log Entries 1837, 3866, 33546, and 167. FHFA, therefore, did not include those documents for *in camera* review (although they are discussed in the Declarations submitted by Mssrs. Ingram and Dickerson on March 14).

[2]     Goldman Sachs clarified today that one of the documents identified by FHFA as an additional challenge had been previously produced by Goldman Sachs in response to an earlier challenge.

[3]     Excluding FHFA's challenges to Credit Suisse documents, which are no longer subject to challenge in light of Credit Suisse's pending settlement with FHFA, and accounting for the documents Defendants intend to produce, as well as the bank examiner materials for which Defendants are seeking guidance from their regulators, Defendants will only be submitting 16 of the 36 exemplar challenges identified in FHFA's letter.

produce additional documents from their privilege logs as late as this week.

FHFA Documents: With respect to FHFA documents previously identified by Defendants in their March 5 letters, FHFA respectfully refers the Court to FHFA's March 14 letter and the Declarations of John Ingram and Chris Dickerson. Supplemental Declarations by Mr. Ingram and Mr. Dickerson are attached to this letter to address additional documents identified by Defendants following the March 18 conference with the Court. See Ex. 2 and Ex. 3.

Among the entries Defendants challenged  Contrary to Defendants' claims, such communications do not cause a waiver where, as here, the disclosure was made to assist an attorney in providing legal advice. See United States v. Adlman, 68 F.3d 1495, 1499 (2d Cir. 1995) ("the privilege for communication with attorneys can extend to shield communications to others when the purpose of the communication is to assist the attorney in rendering advice to the client").

Defendants also have challenged numerous documents on the basis that they are factual or involve business matters (e.g., FHFA Log Entries 4122, 4339, and 4272). As such, they are protected by the attorney-client privilege. See Chen–Oster v. Goldman, Sachs & Co., 293 F.R.D. 547, 555 (S.D.N.Y. 2013) (attorney-client privilege extends to contents of data fields in a data base where fields were used exclusively for legal advice).

Finally, in response to the Court's suggestion that the parties repopulate certain challenge categories, Defendants raised documents either identical to, or within the same document family as, documents that FHFA already indicated it would produce in response to challenges raised in Defendants' March 5 letters. For example, Defendants replaced Log Entry 14074, which FHFA indicated it would produce, with 14073, which is a duplicate bearing a nearly identical description to the originally-challenged document. Similarly, Defendants replaced Log Entry 24549 with 24550, another document with an identical description that is part of the same family of attachments. FHFA will withdraw privilege and produce such duplicate documents.

Conclusion: Given that the parties continue to produce additional documents in response to challenges, FHFA is prepared to apply determinations it has made with respect to the withdrawal of privileges (and whatever guidance the Court provides), across all of the entries Defendants have challenged in FHFA's log, if Defendants would be willing to do the same with respect to their logs (something, to date, Defendants have not agreed to do). Accordingly, FHFA respectfully requests that any rulings made by the Court concerning the scope of the various privileges be applied equally to all parties' logs, as appropriate.

Respectfully submitted,

/s/ Philippe Z. Selendy
Philippe Z. Selendy
(philippeselendy@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
(212) 849-7000
*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Goldman, Sachs & Co.*

/s/ Richard A. Schirtzer
Richard A. Schirtzer
(richardschirtzer@quinnemanuel.com)
Adam Abensohn
(adamabensohn@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings, Inc. and FHFA v. Nomura Holding America, Inc.*

/s/ Christine H. Chung
Christine H. Chung
(christinechung@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. First Horizon National Corp., FHFA v. Bank of America Corp., and FHFA v. Credit Suisse Holdings (USA), Inc.*

/s/ Manisha M. Sheth
Manisha M. Sheth
(manishasheth@quinnemanuel.com)
QUINN EMANUEL URQUHART &
 SULLIVAN, LLP
51 Madison Avenue, 22nd Floor
New York, New York 10010
*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Barclays Bank PLC and FHFA v. Merrill Lynch & Co., Inc.*

/s/ Eric B. Bruce
Eric B. Bruce
(eric.bruce@kobrekim.com )
Steven W. Perlstein
(steven.perlstein@kobrekim.com)
David McGill
(David.McGill@kobrekim.com)
Brad H. Samuels
(Brad.Samuels@kobrekim.com)
KOBRE & KIM LLP
800 Third Avenue
New York, New York 10022
(212) 488-1203

*Attorneys for Plaintiff Federal Housing Finance Agency in FHFA v. HSBC North America Holdings Inc., FHFA v. Barclays Bank Plc, FHFA v. First Horizon National*

/s/ Kanchana Wangkeo Leung
Kanchana Wangkeo Leung
(kleung@kasowitz.com)
KASOWITZ, BENSON, TORRES &
 FRIEDMAN LLP
1633 Broadway
New York, New York 10019

*Attorney for Plaintiff Federal Housing Finance Agency in FHFA v. Ally Financial Inc.*

*Corporation, FHFA v. Bank of America Corporation, FHFA v. Goldman, Sachs and Co., FHFA v. Credit Suisse Holdings (USA), Inc., FHFA v. Nomura Holding America, Inc., FHFA v. Merrill Lynch & Co., Inc., and FHFA v. Ally Financial Inc.*

cc: All Counsel of Record